**In re Ramiro A. and Mary T. FLORES, Debtors.**

**Bankruptcy No. 96–44068–H3–13.**

United States Bankruptcy Court, S.D. Texas, Houston Division.

Dec. 9, 1996.

William Heitkamp, Houston, TX.

Jim Lesyna, Bellaire, TX, for Debtors.

Before LETITIA Z. CLARK, Chief Judge.

*MEMORANDUM OPINION*

LETITIA Z. CLARK, Chief Judge.

The court having heard the confirmation of Debtors' First Amended Chapter 13 Plan (Docket No. 11) and the Trustee's Objection to Confirmation and Motion to Dismiss (Docket No. 13) and after considering the pleadings, evidence and argument of counsel, the court makes the following findings of fact and conclusions of law. To the extent any findings of fact are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law are construed to be findings of fact, they are hereby adopted as such.

Findings of Fact

1. Debtors, Ramiro A. and Mary T. Flores, filed a joint Chapter 13 bankruptcy petition on May 7, 1996 which was signed by Debtors and their counsel of record, Frank E. Mann, III. The petition reflects that Frank E. Mann, III and James J. Lesyna were designated as the attorneys representing the Debtors. Docket No. 1.

2. Original Schedules and the Statement of Financial Affairs were filed on May 21, 1996. Docket Nos. 4 and 5. Mr. Flores is employed by BWIP as a machinist and Mrs. Flores is employed by FabriCenters. Sched-

ule I, Current Income of Individual Debtors, reflects a gross monthly income for Mr. Flores of $3,220.00 and a gross monthly income for Mrs. Flores of $691.00. Schedule J, Current Expenditures of Individual Debtors, reflects expenses in the amount of $2,677.00.

3. Prior to the § 341 creditors' meeting on July 24, 1996, the Chapter 13 Trustee, William E. Heitkamp, requested that the Debtors bring recent paycheck statements to the meeting. At the creditors' meeting, Mr. Flores' submitted a payroll statement for the period ending April 28, 1996 which reflects a gross monthly income of approximately $5,287.79. Testimony of Trustee, Trustee's Exhibits 1 and 2.

4. The court takes judicial notice of the discrepancy in the figures for the gross monthly income of Debtors as reflected on Schedule J and Mr. Flores' payroll statement.

5. In addition to discovery by Mr. Heitkamp of the income discrepancy at the creditor's meeting, the Chapter 13 Trustee also learned that Debtors owned, but did not schedule, 2 pieces of unimproved real property (Lots 1 and 2 on Betty Sue Lane and Hilltop Lakes). Testimony of Trustee, Trustee's Exhibits 1 and 2. Debtor, Mrs. Flores, valued the Betty Sue Lane property at $12,000.00 and valued the Hilltop Lakes property at $7,000, based upon the purchase price at the time that she and her husband purchased the property approximately fifteen years ago. Testimony of Mary T. Flores.

6. The Chapter 13 Trustee advised counsel for Debtors of the discrepancies and only then were Amended Schedules and an Amended Plan filed on August 1, 1996. The court takes judicial notice of the schedules and amended schedules. Docket Nos. 10 and 11. The Trustee filed the present Objection to Confirmation and Motion to Dismiss based upon the falsity of the schedules and the omission of significant non exempt assets constituting a willful failure to properly prosecute the case. The Trustee requests dismissal with prejudice to refiling for 180 days pursuant to 11 U.S.C. § 109(g).

7. Mrs. Flores testified that the discrepancy in the amounts reflecting Debtors' income on the original and amended schedules was due to income received as a result of Mr. Flores receiving pay for overtime work. As to the failure to have the additional real property included in the original schedules, Mrs. Flores testified that her concept of identifying assets were linked to whether they were income producing assets. As these properties were not producing any rental income, "it didn't come to mind to divulge it also." Testimony of Mrs. Flores. The court did not find Mrs. Flores' explanation to be credible.

8. Mrs. Flores testified that their initial conference was with Mr. Mann, who spent less than 30 minutes with them going over their budget. She testified that she was comforted by the fact that they would be able to afford a monthly plan payment of $500.00, which was the figure arrived at as a result of the conversation between her and Mr. Mann. Mrs. Flores did not talk to or see Mr. Mann after her original visit. All subsequent meetings were with Mr. Mann's paralegals. Mrs. Flores testified that at the first meeting with the paralegal, whom she could not identify, she was advised that the monthly plan payment would not be $500.00. Testimony of Mrs. Flores.

9. The original Plan reflects a proposed monthly payment to the Trustee of $725.00 and the First Amended Plan reflects a proposed variable monthly payment of $750.00 for months one through twelve and $850.00 for months thirteen through sixty. Plan and First Amended Plan, Docket Nos. 6 and 11.

10. Mrs. Flores testified that after her initial paralegal meeting, she began meeting with another paralegal at Mr. Mann's office, Carol Ayers. Mrs. Flores met with Ms. Ayers for at least an hour to prepare the amended budgets. It was Mrs. Flores' understanding that these amended budgets were drafted by Ms. Ayers. Mrs. Flores was cautioned by Ms. Ayers to be accurate as to the figures as this was information upon which the court and the Trustee would rely in determining whether the proposed monthly payment was a legitimate amount. Mrs. Flores further testified that the monthly payment might change but she was surprised

when it went up to $750.00 per month. Testimony of Mrs. Flores.

11. The court takes judicial notice that the schedules, statement of financial affairs, budgets and plans are signed by Debtors and their counsel under penalty of perjury.

 12. Based upon the circumstances outlined above, i.e., the discrepancies as to income, the omission of assets, the failure of Mr. Mann to be present at this hearing to assist in clarification of his participation in the sequence of events and the lack of credibility of Mrs. Flores, it is clear to this court that there has been wrongdoing and an abuse of the bankruptcy process. What is not clear to this court is the identity of the person or persons responsible for this wrongdoing and abuse, that is, whether responsibility lies with the Debtors, Mr. Mann and his personnel, or a combination of both. As a result, this court has concluded that a show cause hearing is to be set requiring Mr. Mann to personally appear and explain these discrepancies and to explain his or his personnels' participation in the preparation of these documents.

13. Due to the discrepancies in the income figures and the omission of assets, the court is unable to determine whether the plan as proposed meets the standards set forth in 11 U.S.C. § 1325 as being in the best interests of the creditors and whether Debtors are contributing all of their disposable income for distribution to creditors under the plan. Accordingly, this court denies confirmation of the plan as proposed by the Debtors. The hearing on the Motion to Dismiss, contained in the Objection to Confirmation (Docket No. 13), is continued for presentation of additional evidence which is to be adduced at the same time as the Show Cause hearing.

### Conclusions of Law

1. One of the requirements for court confirmation of a Chapter 13 plan is that the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of the Bankruptcy Code. 11 U.S.C. § 1325(a)(4). Based upon the evidence submitted, the court is unable to assess the liquidation value of the property to be distributed under the plan.

2. In the event of an objection to confirmation of the plan, the court may not approve the plan unless, as of the effective date of the plan, the value of the property to be distributed under the plan on account of such claim is not less than the amount of such claim; or the plan provides that all of the debtor's projected disposable income to be received in a three-year period beginning on the date that the first payment is due under the plan will be applied to make payments under the plan. 11 U.S.C. § 1325(b)(1)(A) & (B). Based upon the evidence submitted, the court is unable to determine whether all of the Debtors' projected disposable income over the three-year period will be applied to make payments under the plan.

The Trustee's Objection to Confirmation, contained in Docket No. 13, is sustained and confirmation is denied. The Motion to Dismiss, also contained in Docket No. 13, is continued for presentation of additional evidence.